HARRISON v. GERMAN–AMERICAN FIRE INS. CO.

(Circuit Court, S. D. Iowa, E. D. September 16, 1898.)

No. 265.

1. BILL OF EXCEPTIONS—FAILURE TO FILE IN TIME—RELIEF.

A party who has not filed his bill of exceptions within the time limited will not be absolutely denied relief where it appears that he was not notified within that time of the filing of the decision; that such bill was subsequently offered at a time when he. supposed he had the right to file it; that a further delay in applying for relief was occasioned by illness, and a well-founded belief that the adverse party would consent to a reinstatement of the cause in a position for a valid appeal; and that he has acted in good faith and with reasonable diligence throughout.

2. DECISION FILED IN VACATION—VALIDITY.

It seems that a decision appearing of record as filed in vacation is not coram non judice, although the court was not in actual session, where it had not formally adjourned sine die, particularly where the decision is a denial of a motion for new trial.

On Motion to Vacate Order Overruling Motion for New Trial.

D. N. Sprague and A. H. Stutsman, for plaintiff.

McVey & McVey, for defendant.

WOOLSON, J. This action has a somewhat peculiar history. Instituted in January, 1893, in the district court of Iowa, in and for Louisa county, it was removed to this court on application of defendant, and filed herein June 20, 1893. Trial was had to the court in July, 1894. The opinion of the court was handed down in November of that year, ordering judgment for plaintiff. Defendant having meanwhile filed his motion for rehearing, etc., the court, on December 24, 1894, ordered that no execution issue until further order of court, and time was given to defendant to file his brief in support of said motion. On February 6, 1895, and during the January term of court, judgment was formally entered, on the opinion theretofore filed, against defendant. The judgment entry closes as follows:

Defendant excepts, and is allowed twenty days to present brief and argument for rehearing, which is granted, and execution ordered suspended until hearing and decision on the motion.

On April 25th, following, the decision of the court overruling defendant's motion for rehearing was handed down, the same closing as follows:

To which defendant excepts, and is given sixty days to prepare, have signed, and filed such bill of exceptions as defendant may be advised is desirable. The clerk will enter due order as above, and notify counsel of record for both parties of the decision now reached.

The record entry relating thereto is given under the heading of "Vacation Entries," and is as follows (omitting title of cause, etc.):

This day, this cause coming on for hearing upon the motion of defendant for a rehearing of the above-entitled cause, and the court, having seen and read the briefs of counsel in argument, and being now fully advised in the premises, doth overrule the said motion for rehearing, to which ruling defendant at the time excepted. It is further ordered that defendant have sixty days in which to prepare, have signed, and filed his bill of exceptions, as defendant may be advised is desirable. Dated April 25, 1895.

On July 19th following, counsel for defendant forwarded by express, to the clerk of the court, in said Eastern division, his draft for bill of exceptions to be presented to the judge for signature. The 60 days provided in the order of April 26th for filing of bill of exceptions having already expired, the clerk returned this draft for bill of exceptions to counsel for defendant. The exact date when same was so returned does not appear, but it was very soon after the bill had been expressed to him.

On November 5, 1895, counsel for defendant forwarded to the clerk a petition for rehearing, which was filed on November 7th. This petition (after specifying assignments alleged as error) states as follows:

The opinion in this case was filed on the 25th day of April, 1895, and this defendant had no notice whatever that such opinion was filed, or that any decision had been made in said case, until more than sixty days had expired, within which the defendant was to prepare, tender, and have filed a bill of exceptions. That the defendant's counsel understood the court to say, when the case was taken under advisement, that the clerk would notify the defendant when the decision was rendered; and the defendant avers that neither the clerk nor the court nor any one else ever notified this defendant that any decision had been rendered in said cause until after the same appeared in volume 67 of the Federal Reporter. The defendant says that the first notice that it had that a decision had been rendered and filed in said case was learned from the publication of said opinion in the 67th volume of said Federal Reporter, as the same came out in the advance sheets, which was more than sixty days after the filing of said opinion, and that this was not confirmed until about the 1st of July by the judge who rendered the opinion. That the defendant desired to take, and is now desirous of taking, an appeal from the decision of this court in said case, and was prevented from so doing by being unable to tender a bill of exceptions within the time provided in the judgment. That by the printed opinion in said Federal Reporter (page 591), ninety days is given in which to prepare, sign, and have filed a bill of exceptions. That this defendant did within ninety days from the 25th of April, 1895, have prepared, and did send, a bill of exceptions to the judge, notifying counsel on the other side to have the same allowed and signed. That defendant was then informed that the order of the court stated that the bill of exceptions should be prepared and filed within sixty days after the rendering of the opinion in said case, and that the court failed and refused to sign said bill of exceptions. This defendant has not examined the record in said cause, but has been informed by the clerk of said court at Keokuk that the opinion in said cause provided that sixty, instead of ninety, days should be given in which to file a bill of exceptions. That this defendant believes that there is an error in the finding and judgment of this court, and desires to take an appeal, and has the statutory right to have an appeal, and would have appealed had the bill of exceptions been allowed upon which

it based its appeal; and that, without the bill of exceptions, no appeal can be taken, as counsel are advised in this case. This application would have been made sooner but for the fact that negotiations have been pending between counsel for defendant and plaintiff with a view to arrange for a bill of exceptions; and one counsel for plaintiff, to wit, Judge A. H. Stutsman, informed counsel for defendant that he believed that counsel for plaintiff should have consented to the filing of a bill of exceptions without going to the trouble and expense of making this application; but the other counsel for plaintiff felt constrained on account of the wishes of his clients to withhold his consent to the filing of said bill of exceptions, but has at no time positively refused to allow the same to be taken and allowed. Defendant further says that this application is not made for delay, but in the interests of justice; and, unless this rehearing is granted, this defendant will be prevented from appealing to the circuit court of appeals, and taking the judgment of that tribunal, as it has a right to do; and it will be so prevented without any fault or negligence upon its part, or that of its counsel.

These statements are verified by the oath of A. H. McVey, the counsel for defendant, who has had sole charge of the case on part of defendant.

On June 23, 1898, counsel for plaintiff and defendant appeared before the judge of this court, and partial hearing was had in the matters herein then pending, and on a further motion for an order setting aside the ruling of April 25th above given. This latter motion, which was orally presented on said partial hearing, was subsequently reduced to writing, and is among the files herein. The written contents of said motion are verified by the oath of said A. H. McVey. Pursuant to agreements made at said partial hearing, counsel have submitted written arguments on the two motions above described as pending, and the matter is now to be formally decided.

From the foregoing history of the case, there naturally arises the suggestion that much delay has attended the efforts of counsel in the matter of obtaining a ruling upon motion for rehearing, etc. The professional statements of A. H. McVey (counsel for defendant, who has had for defendant sole charge before the court of this case), as made before the judge, convincingly show that he received no notice from the clerk of this court of the ruling had of record April 25th. The clerk was therein directed to notify counsel of the overruling of motion for rehearing, etc. The deputy then having charge of the clerk's office in the Eastern division states that such notice was sent by mail to counsel for defendant. But I am satisfied from the professional statements of counsel that such notice failed to reach him. The showing is without contradiction that defendant's counsel did not know or learn that his said motion had been overruled until after the 60 days provided in said order of April 25th had expired. In the opinion, deciding the main case, and ordering judgment against defendant, 90 days were allowed for filing bill of exceptions by defendant. This opinion was not published until after decision was had, on said motion for rehearing. This publication occurred some time early in the July following said entry of April 25th. As counsel for defendant had not been notified of any change in time for filing bill of exceptions, he appears, as he naturally might, to have accepted this 90 days as applicable after ruling on motion for new trial; and within such 90 days his bill of exceptions was presented for signature, when for

the first time he learns that the time for bill of exceptions had been shortened to 60 days by the last order relating thereto.

Had counsel for defendant received notice from the clerk of the action and order of April 25th, decision could be quickly reached herein. He would be held to have neglected compliance within the period fixed in such order. If, immediately after he learned of the fixing of the 60, instead of 90, day period, and after he had presented his bill of exceptions for signature, if defendant had forthwith laid the facts before the court, the court would have taken such action, so far as within its power, as would have reinstated defendant in position to have had a bill of exceptions validly signed. The question is now complicated with the delay which has occurred.

The showing is uncontradicted that from the time when counsel for defendant learned, too late, of the order of April 25th, up to the filing of his motion, in November, 1895, he had been negotiating or attempting to arrange with counsel for plaintiff for such action by the court as would reinstate defendant in a position for valid appeal. That period is satisfactorily accounted for. It is shown to the court that, after such motion was filed, counsel was still actively engaged in attempting to obtain what he expected he would obtain,—this reinstatement of position by consent. While thus engaged, counsel for defendant was stricken with disease, occasioned by accidental poisoning, which for many months wholly incapacitated him for professional labor, and left him for an extended period greatly weakened in working ability. The showing is further made that different periods were set by counsel on either side for presentation of pending matters to the court for decision, some of these periods being in term, and some at chambers; but that, until the partial hearing in June last, the effort to bring counsel on both sides and court together had failed. Some of this failure is attributable to the fact—now about to be relieved—that the official residence of the judge was not at either point where court is regularly held, and some difficulty had for this reason been experienced in presenting these matters in chambers. As instance, in this case, where counsel, without having first consulted or notified the judge, agreed to meet at the judge's chambers in the city of his residence, and present matters herein for decision, but were disappointed to find, on arriving at his chambers, that the judge was temporarily absent, and would remain for some days to come. The court also may not overlook the fact that, where it is possible for counsel to agree, such course is generally much more agreeable to them than a compulsory ruling of the court. And delay frequently is had, as in this case, to obtain such agreement. I do not intend to intimate that there existed any attempt on part of plaintiff's counsel to "troll" counsel for defendant along in unfounded expectation of agreement until his rights had been outlawed by time. There appears in this case nothing whatever which could justify any such intimation. But I can readily understand how counsel might anticipate and believe such agreement was possible and practicably in sight, because of opposite counsel not having positively and clearly refused to agree.

If the delay can be excused, so that defendant may be reinstated to his rights to appeal, has the court the power so to reinstate? The gen-

eral principle is just that wherever a party litigant has not, by censurable delay or neglect on his part, forfeited his rights, the courts have the power to place him in position for obtaining a full and final hearing. Sometimes he is compelled to go into equity, that proceedings at law may be stayed while he is pursuing his remedy. Generally speaking, however, a court at law has full power over the judgment it has rendered, while a timely motion for new trial or the like is pending. If the motion lag on its course to final decision, either party may press same to submission. The motion timely filed herein was by the judge decided at a time when court was not in session in the Eastern division of the district, in which division this case was tried, The decision was forwarded to the clerk's office in that division, and by the clerk there entered of record as among "vacation entries." Defendant's counsel vigorously contends that the decision of such motion in vacation, and without previous agreement of parties, is invalid, as coram non judice.

The practice obtaining in some of the other districts obtains here, of entering no order of sine die adjournment at the close of the actual sitting of the court for a stated term. The court is left open, so that further sitting may be taken up as a part of that term, at any time when the business of the division requires it. When the date has arrived, under the statute fixing the terms, for the commencement of a term, the clerk enters the sine die adjournment of the last term. Such was the practice when said entry of April 25th was made. I am not prepared to hold that the entry is not valid because court was not in actual session. Again, this entry was not an adjudication between litigating parties of rights which were claimed and disputed and at issue on the merits of the controversy. Such adjudication had been closed, at least for the time being, in the February preceding, by formal entry of judgment during the term. And I am not prepared to hold that a motion looking to a new trial may not be decided, and decision thus entered in "vacation"; that is, thus between the periods by statute fixed for convening of court. The pending motion was an obstruction to the free execution of the judgment, and the decision overruling such motion merely removed such obstruction. True, had the motion been sustained, and the judgment ordered vacated and set aside, this different state of facts might necessitate a different conclusion thereon.

To my mind, the decision of pending question must be determined by considering whether such delay has attended defendant's case as to compel the court to so rule as to prevent appeal herein. I am exceedingly reluctant, under whatever situation, so to decide as that a party litigant who, in good faith as to its correctness, is contending for his position, shall be prevented from having a review of his case when he is met with adverse decision at nisi prius. What I most ardently desire is that every action heard before me shall terminate in a just and correct decision. If a litigant in good faith differs from the decision reached, and truly believes the decision adverse to him is the result of erroneous consideration of fact or law, he shall have, so far as within my power, the opportunity to have that decision reviewed, if he timely exert himself in lawful efforts for such review. If the decision has been rightly reached, we may safely assume it will be confirmed on appeal, and such confirmation should be promptly had. If such deci-

sion is founded on erroneous views of law or facts, then every facility should be afforded which will speed its being promptly presented to the appellate tribunal, that the error may be pointed out and corrected.

There is no question in this case of the good faith with which defendant's case has been and is presented. The energetic trial, the persistent efforts, first for new hearing, and again for appeal, abundantly prove the underlying good faith. If I may properly do so, I desire, as stated to counsel on either side at the (partial) oral hearing, so to order as to afford this right of appeal. Defendant's counsel believed—and, under the circumstances shown, might rightly have believed—that he had prepared his bill of exceptions in time under the order. But the court, in the latter order, had lessened the time which in the earlier order had been granted for such bill. The court relied on notification promptly issuing from the clerk's office to counsel for defendant of the new action taken. Such was the order of the court. By accident, apparently, the order of the court in this respect did not reach defendant's counsel until the 60 days—the lessened time named in the later order—had expired. Counsel in good faith relied on the time first named, and acted accordingly. Thus far my mind is clear. But I am not entirely satisfied with the explanation of the subsequent delay. And yet I am not satisfied that such delay, under the circumstances above in part narrated, should deprive defendant of his right, otherwise his due, to have the decision of the appellate tribunal, before the case is finally closed. True, if plaintiff is entitled to judgment, he should not be unduly postponed. But action has not been specially pressed by plaintiff in the matters now under consideration; and, if he be entitled to the judgment he now has, the law will compel defendant to pay the same, with interest meanwhile accruing.

On the whole case as now presented, I am inclined to so act, as far as within my power, as that defendant shall be permitted to present the case to the appellate court. I am not satisfied that, under the circumstances, duty will require me to deny him this opportunity; and only when my judgment convinces me that such is my imperative duty will the door leading to an appellate hearing be closed by me against a litigant in good faith sincerely contending for what he claims are substantial merits which my decision has denied him. But I am not ready to open this case for further nisi prius hearing, nor for further delay. At the trial, and by briefs, and again by extended written arguments after decision was handed down, defendant has presented his view of the case. With that he must be content, so far as this court is concerned. There remains open to him only the approach to the appellate tribunal. But, in taking that, there must be left no disputed questions relating to the validity of the judgment herein, unless same be reversed in appellate hearing, and review must be promptly pressed. Counsel for plaintiff may at once prepare and submit to counsel for defendant such record entries, if any, as they may deem necessary or proper to be entered in this case, for the purpose of supplying any deficient or defective record or other entry herein, so that merely technical questions shall be dispensed with, and the only questions which may be presented on appellate hearing relate to the merits of the litigated controversy. If defendant shall assent to nunc pro tunc entries in any matters thus reason-

ably proper or necessary, the decision and record heretofore made, and now obstructing the path of appeal by defendant, will be changed, and, so far as necessary to permit defendant to present this case to the appellate tribunal, will be vacated and set aside, and new entries therefor substituted. Counsel for defendant will forthwith submit to counsel for plaintiff such record entries as he may deem necessary to carry out the suggestions herein made, and also bill of exceptions relating to the trial, etc., with the view and expectation that on the first day of the next term, soon approaching, in the Eastern division, the proper entries may be made, bill of exceptions signed, and all proceedings essential to appeal (including citation and supersedeas) may be then taken, and appeal then perfected, so far as possible, and except as to transcript by clerk. Defendant may meanwhile prepare for presentation on said first day of next term in Eastern division his supersedeas, in the penal sum of $7,000. And, for the purpose of completing the matters hereinbefore just specified, this case is specially assigned for 2 p. m. of the first day of the next term of court in said Eastern division. The clerk will forthwith notify counsel of action as herein specified.